# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-00332-RGJ-CHL

**KATHY MILLER,** *as next friend of her minor child E.M.*,                      **Plaintiff,**

v.

**HOUSE OF BOOM KENTUCKY LLC,**                                                  **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion for protective order and attorney's fees filed by Defendant House of Boom Kentucky, LLC ("Defendant"). (DN 92.) Plaintiff Kathy Miller ("Plaintiff") has not filed a response and the time to do so has expired. *See* L.R. 7.1(c).

### I.     BACKGROUND

On July 28, 2016, the Court entered a scheduling order for this case, setting the deadline for discovery September 15, 2017. (DN 9, at PageID # 91.) The Court subsequently granted discovery deadline extensions three times, most recently on February 5, 2018, setting an April 1, 2018 discovery deadline. (DN 28, 30, 35.) On March 15, 2021, the Court entered a pretrial order, setting a jury trial for February 8, 2022. (DN 88, at PageID # 1123.) On May 7, 2021, Plaintiff filed her "Second Set of Interrogatories and Requests for Production Propounded to Defendant." (DN 90.) On May 10, 2021, Defendant filed the instant motion requesting an order stating that Defendant is not required to respond to the discovery requests on grounds that they were served more than three years after the discovery deadline. (DN 92, at PageID # 1147.)

On May 25, 2021, the Court held a telephonic status conference at the Parties request during which the Parties reported that they were unsure whether the requirement set forth in the Court's July 28, 2016 scheduling order (DN 9) that motions pertaining to discovery disputes be

preceded by a telephonic status conference applied to Defendant's motion. (DN 94, at PageID # 1151.) The Court concluded that the motion was covered by the requirement, but that Defendant's failure to comply was harmless and ordered that the motion be considered properly filed. (*Id.*) The Court therefore ordered that any response and reply to the motion be governed by the timing requirements set forth in Local Rule 7.1. (*Id.*, at PageID # 1152.)

## II.     LEGAL STANDARD

Rule 16(b) of the Federal Rules of Civil Procedure requires the district court in a civil action to issue a scheduling order that sets forth, among other things, a deadline for the Parties to complete discovery. Fed. R. Civ. P. 16(b)(3)(A). The scheduling order must be issued "as soon as practicable" and "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(2), 16(b)(4).

Under Rule 26(c), the district court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure of discovery." Fed. Rule. Civ. P. 26(c)(1)(A). If a motion for a protective order is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court may not do so if the motion was filed before making a good faith attempt to resolve the dispute without Court intervention, the opposing parties' actions were "substantially justified," or doing so under the circumstances would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

## III.    DISCUSSION

In its motion, Defendant says that Plaintiff's discovery requests seek routine information that does not concern new information that recently came to light. (DN 92, at PageID # 1146-47.) Defendant further notes that the April 1, 2018 discovery deadline expired over three years ago, that Plaintiff has not sought any discovery in the interim, and that Plaintiff has not requested an additional extension of the discovery deadline or otherwise requested the Court's permission to seek the discovery at issue. (*Id.*) Based on these facts, Defendant argues that Plaintiff's discovery requests "could, and should, have been asked during the allowed discovery period." (*Id.*)

The Court finds good cause to grant a protective order forbidding the discovery Plaintiff seeks. This action commenced over five years ago and had a discovery period spanning nearly two years. (DN 1, 9, 35.) Plaintiff has provided no reason why she was unable to obtain the discovery at issue during that period. The discovery period has been closed for over three years, during which Plaintiff made no efforts to obtain the discovery at issue or request that the Court reopen discovery. Plaintiff has failed to offer any explanation as to why her discovery requests should be permitted at this late stage. In fact, Plaintiff failed to tender any response to Defendant's motion. *See* L.R. 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion.") Therefore, Defendant's motion will be granted.

Defendant also seeks an award of its attorney's fees to sanction Plaintiff's noncompliance with the scheduling order. (*Id.*, at PageID # 1147.) Although Defendants motion seeks the award under Rule 37(b)(C), Rule 37(a)(5) applies to an award of attorney's fees for a successful motion for protective order. *See* Fed. R. Civ. P. 26(c)(3). Because Defendant's motion will be granted, the Court must grant the request "after giving [Plaintiff] an opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). The Court finds that Plaintiff has been afforded a sufficient

3

opportunity to be heard. During the May 25, 2021 status conference, Plaintiff's counsel reported that he was prepared to file a timely response to Defendant's motion. He failed to do so. Therefore, the Court will grant Defendant's request for an award of attorney's fees.

## IV.   ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. Defendant's motion for a protective order and an award of its attorney's fees (DN 92) is **GRANTED**.
2. Defendant shall not be required to respond to the discovery requests filed by Plaintiff on May 7, 2021 (DN 90).
3. Plaintiff shall pay the reasonable attorney's fees incurred by Defendant in prosecuting the instant motion. This shall not include any fees associated with Defendant's participation at the May 25, 2021 status conference.
    a. Defendant shall submit billing records and corresponding declarations evidencing time spent on the instant motion on or before **June 25, 2021**.
    b. Plaintiff may respond to the amount requested by Defendant on or before **July 23, 2020**. Her response should only address the amount claimed by Defendant and the sufficiency of its itemization.

Colin H Lindsay, Magistrate Judge
United States District Court

June 10, 2021
cc:  Counsel of record