UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KATHY MILLER, AS NEXT FRIEND OF                                     Plaintiff
HER MINOR CHILD E.M.

v.                                                  Civil Action No. 3:16-cv-00332

HOUSE OF BOOM KENTUCKY, LLC                                        Defendant

* * * * *

## MEMORANDUM OPINION & ORDER

Defendant House of Boom Kentucky, LLC ("Defendant") moves to strike Plaintiff's expert witness and seeks attorney's fees [DE 91, 95, 97]. Plaintiff Kathy Miller ("Plaintiff") moves for leave to file an amended complaint [DE 98, 100]; for reconsideration to rescind and stay Magistrate Judge's protective order and order for attorney's fees [DE 106, 108]; and for extension of time to file response/reply to Defendant's Motion for a Protective Order and Attorney's Fees [105, 107]. Briefing is complete and the motions are ripe.

For the reasons below, the Court **GRANTS** Defendant's motion to strike Plaintiff's expert witness and for attorney's fees [DE 91, 95, 97]; **DENIES** Plaintiff's motion for leave to file an amended complaint [DE 98]; **DENIES** Plaintiff's motion for reconsideration to rescind and stay Magistrate Judge's Protective Order and Order for Attorney's Fees [DE 106]; and **DENIES** Plaintiff's motion for extension of time to file response/reply to Defendant's Motion for a Protective Order and Attorney's Fees [105, 107].

## I.     BACKGROUND

E.M attended a birthday party at Defendant's facility and was injured when another patron fell on her while using the trampoline. [DE 1-2]. E.M. through her next friend, sued Defendant in Jefferson Circuit Court alleging that Defendant breached certain duties owed to E.M. while an

invitee on its premises. [*Id.*]. Plaintiff alleges that Defendant failed to follow its own policies and failed to supervise and maintain a safe environment, thereby proximately causing Plaintiff's injuries. [*Id.*]. Defendant removed this action to this Court based on diversity jurisdiction. 28 USC 1446(b). [DE 1].

> The original scheduling order entered on July 28, 2016 provides:
>
> Reports from retained experts under Rule 26(a)(2) shall be furnished by plaintiff no later than May 30, 2017, by defendant no later than July 17, 2017. With respect to each treating physician who is expected to testify at trial in person or by deposition, the party who will call the witness shall disclose in writing the substance of the facts and opinion to which the physician is expected to testify and a summary of the grounds for each opinion...No deposition of any treating physician shall be conducted until after the required disclosure is made.  In the absence of good cause shown, no witness shall be permitted to testify except upon compliance with the provisions of this order.

 [DE 9]. The scheduling order also provides that any motions for amendment of pleading must be filed no later than March 1, 2017; that all discovery must be completed no later than September 15, 2017; and all potentially dispositive motions must be filed no later than October 15, 2017.  *Id.* at 91. The scheduling order was modified to extend the discovery deadline until April 1, 2018 and the dispositive motion deadline until April 16, 2018. [DE 35].

On April 16, 2018, Defendants filed their first motion for summary judgment. [DE 42]. On November 16, 2018, this Court certified an open question of Kentucky law to the Kentucky Supreme Court and on December 12, 2018, remanded the first motion for summary judgment. [DE 52]. This Court received an opinion certifying the law from the Kentucky Supreme Court on June 14, 2019. [DE 59, 63]. Defendant filed its second and renewed motion for summary judgment on July 12, 2019. [DE 62]. The second motion for summary judgment was denied on August 14, 2020. [DE 78]. On March 12, 2021, the parties tendered a joint status report requesting this matter to be set for trial. [DE 87]. On March 15, 2021, the Court issued a pretrial order setting the trial for

February 8, 2022 and providing a deadline twenty-one days before the final pretrial conference for parties to file witness lists, exhibit lists, motions in limine, pretrial briefs, proposed agreed jury instructions and verdict forms. [DE 88].

## II.     MOTION TO STRIKE EXPERT WITNESSES AND ATTORNEY'S FEES

Defendant moves to strike Plaintiff's expert witness and award attorney's fees expended in filing this motion. [DE 91 at 1136]. The expert disclosure deadline for Plaintiff was May 30, 2017. [DE 9]. Defendant filed its expert disclosures on August 31, 2017, after an extension of time was granted. [DE 22, 27]. Plaintiff did not request an extension of time to disclose her experts. Instead, on May 6, 2021, nearly four years after the deadline has passed, Plaintiff supplemented her answers to Defendant's first set of interrogatories but only her response to Interrogatory No. 8. revealing for the first time an intent to call Dr. Marc Robinoff, Dr. Donald McPhearson, and Erica Michelle Adams as expert witnesses "at trial, live or by videotaped deposition." [DE 89]. Defendant argues these were styled as supplemental discovery to conceal their true content, but in doing so the expert disclosures fail to comply with Rule 26(a)(2) because they do not include an expert report, a list of qualifications, a list of testimony, or a statement of compensation as required. [DE 91 at 1140.] Defendant argues that the experts should be excluded from trial under Fed. R. Civ. P. 37(c) for Plaintiff's failure to disclose these witnesses and because Plaintiff has made no showing of good cause as to why these experts could not have been disclosed on time. [*Id.* at 1137].

In response, Plaintiff argues that the pretrial order, [DE 88], modified the previous litigation schedule, reopened discovery, and "effectively implemented the default deadlines set out in Rule 26 (a)(2)(D)(i)" which provides that she must disclose her experts only 90 days before trial. [DE 95 at 1157]. Plaintiff argues that under the Federal Rules of Civil Procedure she has until December 21, 2021 to provide all experts that will testify and that she has provided an expert

report as required by Fed. R. Civ. P. 26. [DE 95 at 1157]. Plaintiff also argues that Defendant has violated the scheduling order too by filing a motion for summary judgment past the deadline and by accepting supplemental medical records from Seven Counties. [DE 95 at 1156].  Plaintiff did not object to Defendant's actions when they occurred and the original motion for summary judgment was remanded with leave to reinstate. [DE 52]. Lastly, Plaintiff asks that instead of exclusion, she be allowed to have the witnesses stricken while Plaintiff moves to modify the current scheduling order. [*Id.* at 1160.]

In reply, Defendant argues that pretrial order did not address discovery deadlines or expert witness disclosures, but it simply provided the remaining deadlines not addressed by prior scheduling orders DE 9, 22, and 35. Defendant argues that even giving Plaintiff the benefit of the doubt as to misunderstanding the pretrial order, Plaintiff waited more than 60 days after entry of the order to disclose its experts, added a fourth previously unnamed expert in its expert disclosures not included in the interrogatory and only filed those disclosures after this motion was filed. [DE 97 at 1350].  Further, Plaintiff makes no attempt to explain why she did not comply with DE 9 in the first place. [*Id.*]

## STANDARD OF REVIEW

Fed. R. Civ. P. 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the order listed in Rule 37 (b)(2)(A)(i)-(vi)."

"The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was substantially justified or harmless." *Dickenson v. Cardian & Thoracic Surgery of E. Tenn. P.C.,* 388 F.3d 976, 983 (6th Cir. 2004).

To determine whether a failure to identify a witness under FRCP 37 is substantially justified and harmless, the Court looks to five factors set forth in *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). The five factors are (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. Plaintiff bears the burden of showing whether the failures were substantially justified. *Silitonga v. Kentucky State Univ.*, 2018 WL 3969951, at *2 (E.D.Ky. Aug. 20, 2018).

## ANALYSIS

Under *Howe*, the Court first looks to the surprise to Defendant. Until Plaintiff filed the supplemental interrogatories on May 6, 2021, four years after the deadline for expert disclosure, Defendant was unaware that Plaintiff intended to use any experts at trial.  Accordingly, this factor weighs against Plaintiff.

Second, the Court looks to the ability of the Plaintiff to cure the surprise. Plaintiff argues that any prejudice could be cured by granting additional time to depose Plaintiff's experts and allowing Defendant to disclose rebuttal witnesses. [DE 95 at 1158.]  Defendant argues that this prejudice cannot be cured in this manner because Plaintiff has already gained a substantial litigation advantage by listening to Defendant's oral argument on summary judgment, after discovery had closed. [DE 97 at 1347]. As the Court in *Silitonga* stated, "The proposal . . . to 'review' the new proof does not address an ability to cure the surprise the late disclosure created.

If it did, every surprise would be curable. One harm of surprise is that the tardily-producing party's inequitable (and Rule-violative) conduct precludes the innocent opponent from fairly assessing, at the proper procedural point of the case, the evidence and witnesses to be offered at trial. Such chicanery inhibits litigants from making rational, fully informed case-related decisions." 2018 WL 3969951, at *3. Further, reopening discovery would "reward [Plaintiff] for [her] untimeliness and suggest that deadlines bend to a party's will." *Bentley v. Highlands Hosp. Corp.*, 2016 WL 5867496, at *11 (E.D. Ky. Oct. 6, 2016). For these reasons, the second factor weighs against Plaintiff as well.

Third, the Court looks to the extent to which allowing the evidence would disrupt the trial. Plaintiff argues that no prejudice would occur to Defendant because the present disclosures are within the 90-day default deadline established in Rule 26 and the late disclosure should not affect the trial date. [DE 95 at 1158]. Defendant argues it will suffer extreme prejudice because it will necessitate additional pre-trial discovery, additional dispositive and *Daubert* motion practice, increased litigation costs and will endanger the current trial date. [DE 97 at 1349.] With summary judgment resolved and trial on the horizon, Plaintiff improperly seeks to force Defendant to invest significant time deposing more witnesses, while Defendant could spend that time preparing for trial. *See EQT Prod. Company v. Magnum Hunter Prod. Inc.*, 2017 WL 2295906, at *5 (E.D.Ky. May 25, 2017).

Plaintiff asserts  that any prejudice could be cured without disrupting the trial.  [DE 95 at 1158]. Yet, this is not an instance where Plaintiff had previously disclosed the expert but submitted the expert's report late; or where the deadlines for fact discovery and dispositive motions had not passed; or where a trial date had not been set.  *Elgin v. State Farm Auto. Ins. Co.*, 2020 WL 8771656, at *3 (W.D.Ky. Oct. 1, 2020). Here, there is not sufficient time to extend the Defendant's

expert disclosure deadline and still afford Defendant an opportunity to rebut and complete any necessary motion practice regarding this new expert testimony without affecting the existing trial date. For these reasons, this factor weighs against Plaintiff as well.

Fourth, the Court looks at the importance of the evidence. Plaintiff argues the testimony is important because she has recently learned from her consulting experts that the type of trampoline involved in the incident, a Euro Trampoline, was banned from any trampoline court per ASTM guidelines. [DE 95 at 1156.] Plaintiff also says that she now believes that experts are necessary to refute Defendant's expert testimony and because E.M. has recently been diagnosed with depression. [*Id.* at 1156.] Yet E.M.'s mental health diagnosis was known as of October 2019. [DE 95 at 1155]. The Court acknowledges that this evidence is important because Plaintiff's ongoing mental health treatment relates directly to damages, and Plaintiff's expert testimony about the ASTM guidelines goes to the heart of whether Defendant breached duties to E.M. while she was an invitee on their premises. "This, in a sense, cuts both ways. The more important the proof, the greater the effect of preclusion, but also the greater the harm in tardy disclosure." *Silitano,* 2018 WL 3969951, at 5 (comparing *Bentley*, 2016 WL 5867496, at \*11 (perceiving this factor as cutting in the nondisclosing party's favor when the at-issue records were important and significant) and *Etheridge v. E.I. dupont De Nemours & Co., Inc.,* No. 14-CV-2443-SHL, 2015 WL 12516227, at \*3 (W.D. Tenn. Oct. 14, 2005) (finding that because the evidence was so important to Plaintiff, her explanation for her failure to abide by the rules becomes even less satisfactory). That said, importance "cannot by itself, save improperly disclosed evidence from being found unjustified or non-harmless. Even if a party's entire case hangs on one expert, such that excluding the expert leads inevitably to summary judgment against that party, then that expert's testimony may be excluded if that expert's testimony was improperly disclosed." *Samsung Elecs. Co. Ltd v. Nvidia*

*Corp*, 314 F.R.D. 190, 197 n.6 (E.D. Va. 2016). Further, a party may not "slip in a new theory of liability under the guise of supplementation." *Bently*, 2016 WL 5867496, at *6.

Lastly, the Court looks to the Plaintiff's explanation for its failure to disclose the evidence. Plaintiff argues that she believed the pretrial order [DE 88] modified the previous litigation schedule, reopened discovery, and "effectively implemented the default deadlines set out in Rule 26 (a)(2)(D)(i)" which provides that she must disclose her experts 90 days before trial. [DE 95 at 1157]. The Plaintiff asserts that she has until December 21, 2021 to provide all experts that will testify and that she has provided an expert report as required by Fed. R. Civ. P. 26. [DE 95 at 1157]. However, Fed. R. Civ. P. 26(a)(2)(D) explicitly provides that the deadlines for disclosures provided are absent a stipulation or court order. In this case, the Court provided an expert disclosure deadline of May 30, 2017. [DE 9]. Plaintiff fails to explain why she did not meet the original deadline. Additionally, the Court's pretrial order from March 15, 2021 does not even contain the word "expert" thus making any confusion unlikely. [DE 88].

Defendant also argues that no depositions have taken place since March 30, 2018, and thus Plaintiff has obtained no new information from Defendants that would justify waiting to disclose expert witnesses. [DE 91 at 1137]. The Court notes that Plaintiff's argument that she now believes she needs experts to rebut testimony from Defendant's experts contradicts the timeline since Defendant disclosed their experts on August 31, 2017. Additionally, Plaintiff's argument that she needs to present expert testimony on E.M.'s mental health diagnosis is also untimely given that Plaintiff admits she knew of E.M.'s mental health diagnosis in October 2019. [DE 95 at 1159.] Accordingly, the last factor does not weigh in Plaintiff's favor.

Based on a balancing of the five factors set forth in *Howe v. City of Akron,* the Court does not find that the failure to disclose a witness timely was substantially justified or harmless. As a

result, the appropriate sanction is to strike the witnesses identified in the Supplement Interrogatory Response No. 8. Plaintiff asks the Court to follow *Selby v. Kmart Corp.*, 2017 US Dist. LEXIS 203774 and allow Plaintiff time to seek leave to amend the scheduling order, however, for the reasons stated above, such a request would present the same prejudice to Defendant and is denied. This case is different from *Selby*, because in that case the Plaintiff filed expert witness disclosures that were timely but incomplete. In contrast, Plaintiff did not mention the existence of these expert witnesses until four years after the deadline for disclosure. [DE 9]. Additionally, this Court's scheduling order from July 28, 2016 explicitly provides, "In absence of good cause shown, no witness shall be permitted to testify except upon compliance with the provisions of this order." [DE 9]. For these reasons, Defendant's motion to strike Plaintiff's experts is GRANTED.

The Defendant requests attorney's fees in connection with the expense of bringing this motion. Rule 37(c)(1) provides that reasonable expenses, including attorney's fees, caused by the Plaintiff's failure may be awarded to Defendant after allowing Plaintiff to be heard. Defendant shall submit billing records and affidavits to substantiate their request for attorney's fees and Plaintiff shall submit a brief setting forth good cause for why attorney's fees should not be awarded against her. The parties shall submit their simultaneous filings on or before **December 31, 2021**.

## III.   MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

On June 3, 2021, Plaintiff moved for leave to file an amended complaint.  [DE 98]. Defendant responded and no reply was filed. [DE 100]. This matter is ripe. Plaintiff seeks to amend her original complaint to request punitive damages as a result of "House of Boom's egregious disregard for the safety of others", and lack of adequate supervision around the trampoline. [DE 98 at 1353.]  Plaintiff alleges the required elements for gross negligence have been met. [*Id.* at 1355.]

In response, Defendant argues that any motions for amendments of pleadings were due on March 1, 2017 and Plaintiff did not seek an extension of time to amend the pleadings in this case. [DE 100 at 1366]. Defendant argues that Plaintiff has not demonstrated good cause for the late amendment and that it will be prejudiced if a late amendment is allowed. [*Id.* at 1367.]

## STANDARD OF REVIEW

"Seeking leave to amend a complaint after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16." *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016). Rule 15 provides that a plaintiff may amend his pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). But when the deadline established by the court's scheduling order has passed, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. Appx. 369, 376 (6th Cir.2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003) (finding that the district court did not abuse its discretion by denying motion to amend filed after discovery and dispositive motion deadlines).

As a result, the court may examine the standard factors governing amendment of complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b). In determining whether Plaintiff has shown good cause for failure to seek leave to amend before the deadline passed, the Court considers whether: 1) Plaintiff has exhibited diligence in trying to meet the

scheduling order's requirements; and 2) Defendant is prejudiced by amendment. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

## ANALYSIS

A. <u>Diligence</u>

Plaintiff argues that she was unaware that high performance trampolines could not be used at a trampoline park under the ASTM guidelines at the time she filed the original complaint. [DE 98 at 1353]. Plaintiff says she sought to amend the complaint after she learned of this prohibition in the ASTM guidelines from consulting with experts Rabinoff and McPherson.  [*Id.*] She asserts her motive for seeking leave to amend is to make her pleading reflect the evidence that has been adduced through discovery. [*Id.* at 1354.] That said, Plaintiff does not specify in her motion on what date she discovered the alleged violations of ASTM guidelines.

In response, Defendant argues that discovery closed on April 1, 2018 and Plaintiff only sought one deposition from Defendant which was completed on August 24, 2017. [DE 100 at 1365]. Defendant argues that Plaintiff does not address why Plaintiff did not file her amendment sooner even though all the information that supports the amendment has been available to her for nearly four years. [*Id.* at 1366.] Defendants argue that any information about the trampoline was readily available to the Plaintiff in 2017 and simply was not sought or explored in discovery. [*Id.* at 1367]. Defendant argues that Plaintiff's failure to explore this issue until May 2021, when she first mentions Rabinoff or McPherson, is an unjustified failure of the Plaintiff to explore the claims available in her case. [*Id.* at 1366.]

Plaintiff first mentions Rabinoff and McPherson in the Answer to Interrogatories filed on May 6, 2021. [DE 89]. Plaintiff filed this motion almost a month later, on June 3, 2021. This differs from instances where a plaintiff diligently pursues discovery and promptly moves for leave to

amend after learning the facts supporting the amendment.  *See Shaw v. City of Dayton, Ohio,* No. 3:13-CV-210, 2015 WL 13632429, at *3 (S.D. Ohio Dec. 18, 2015) (allowing a First Amended Complaint one week after the conclusion of the deposition which provided the factual basis for the amendment.)  Further, Plaintiff's failure to consult experts until May 2021 is not a demonstration of pursuing discovery with reasonable diligence when the discovery cut off was September 15, 2017.  *See Hill v. Banks,* 85 Fed.Appx. 432, 433 (6th Cir. 2003) (upholding a denial of leave to amend when the Plaintiffs had not been diligent in attempting to comply with the deadlines of the scheduling order and that to allow them to amend their complaint approximately one year after the close of discovery would prejudice Defendants.)  The circumstances at issue differ from cases in which the Court has allowed late amendments because a plaintiff learns of a fact in discovery, during the Court allotted discovery period, which might support an additional claim. *Compare Lacer v. Toyota of Bowling Green*, No. 118CV00013GNSHBB, 2018 WL 5815567, at *3 (W.D. Ky. Nov. 6, 2018). However, "delay alone is insufficient to deny a proposed modification under Rule 16," so the Court turns to prejudice against the Defendant. *Amalu v. Stevens Transp., Inc.*, No. 115CV01116STAEGB, 2018 WL 6839036, at *3 (W.D. Tenn. Mar. 27, 2018)  (citing *Moore v. City of Paducah*, 790 F.2d 557, 559–62 (6th Cir. 1986). "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.*

B.  Prejudice

Plaintiff argues that no prejudice would result to the Defendant if an amended complaint is filed because Plaintiff's claim for punitive damages rests on the same factual circumstances as those forming the basis of the original complaint. [DE 98 at 1354].

In response, Defendant argues that now that the dispositive motion deadline has passed, Defendant will not have the opportunity to test the proof from Plaintiff through expert depositions and move to dispose of the punitive damages request if unwarranted. [DE 100 at 1367.] Defendant will also be deprived of the opportunity to gather experts of their own to rebut this testimony. [*Id.*] Defendant argues that this is a bad faith attempt to gain a litigation advantage by waiting until the last minute to disclose proof and make additional claims beyond the time allowed by the Court since Plaintiff made clear in the joint status report on March 12, 2021 that she was ready for trial. [*Id.* at 1368.]

The deadline for amended pleadings expired on March 1, 2017 and Plaintiff is 1,555 days late in seeking leave to amend. Trial is scheduled for February 2022, less than three months away. The dispositive motion deadline was April 16, 2018.  [DE 35]. The Sixth Circuit has held that a district court does not abuse its discretion when it denies a motion for leave to amend the complaint after the dispositive motion deadline has passed. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see also Miller v. Admin. Off. of Courts*, 448 F.3d 887, 898 (6th Cir.2006). Not only has the dispositive motion deadline passed, but a ruling was issued on August 7, 2020. [DE 78].

Additionally, just like in *Leary*, discovery is closed and Defendant "would be prejudiced if discovery must be reopened, years after it was closed, on the issue of damages if this amendment were permitted." *Leary,* 349 F.3d at 909; *see Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.") If Plaintiff amends the complaint at this late date, discovery would have to be re-opened, witnesses re-deposed, motions for summary judgment re-briefed, and the trial date continued. *See Amalu*, 2018 WL 6839036, at *3.

Plaintiff's new assertion that the Defendants violated ASTM guidelines based on the opinion of new experts more than four years into the litigation is a different basis for negligence than the lack of supervision or Defendant's failure to follow its own procedures as asserted in the original complaint.  The Sixth Circuit has held that recasting one legal theory into another is prejudicial in the late stages of litigation.  *Leary*, 349 F.3d at 909.  Information about the types of trampolines inside the Defendant's business have been available since the litigation began. Plaintiff had ample time to consult experts during the discovery period and Plaintiff does not assert that she was ever denied discovery about this subject matter. *See Com. Benefits Group, Inc. v. McKesson Corp.* 326 Fed. App'x 369, 376 (6th Cir. 2009) (the Court upheld a denial of a motion for leave to amend a complaint to add causes of action after the discovery deadline passed, after one of defendants moved for summary judgment and where the factual predicate already existed at the beginning of the lawsuit.)

The Court need not engage in a Rule 15 analysis since the Court is not satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b). Plaintiff's motion for leave to file an amended the complaint is **DENIED**.

## IV.    PLAINTIFF'S MOTION TO RESCIND

### STANDARD OF REVIEW

The Court referred this case to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) to resolve all non-dispositive matters. [DE 81]. The Magistrate Judge resolved Defendant's motion for protective order and attorney's fees [DE 92]. [DE 103, 06/10/21 Order]. A party may object to a Magistrate Judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Plaintiff filed a motion for reconsideration to rescind and stay the order eleven

days after it was issued. [DE 106]. The Defendant filed a response and no reply was filed. [DE 108]. This matter is ripe.

When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). This Court reviews factual findings under the clearly erroneous standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* per curiam, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). This Court reviews the Magistrate Judge's legal conclusions under the contrary to law standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.* citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D.Cal.1983).

## ANALYSIS

Plaintiff asserts that the Magistrate Judge abused his discretion in awarding attorney's fees under Fed. R. Civ. P 37(a)(5) because "other circumstances" make the award of attorney's fees unjust.  [DE 106 at 1397]. Plaintiff's lawyer admits his error in failing to file a response to Defendant's motion for protective order, [DE 92], but maintains that this was excusable neglect. Plaintiff asks that this order be rescinded or, in the alternative, stayed until the remaining discovery motions have been ruled on. *Id*. Given that the instant order includes all pending motions, the latter request is denied and the Court looks to whether the Magistrate Judge's order awarding attorney's fees to Defendant was clearly erroneous or contrary to law.

In response to Plaintiff's motion, Defendant argues that the Magistrate Judge's order is not clearly erroneous or contrary to law because Plaintiff simply failed to respond and Local Rule 7.1(c) provides "failure to timely respond to a motion may be grounds for granting the motion." [DE 108 at 1406].

Plaintiff also asserts that Defendant made no effort to resolve the discovery dispute prior to filing the motion for protective order in question. [DE 106 at 1399.] Yet as stated in the Magistrate Judge's order, a telephonic status conference was held on May 25, 2021 where the parties discussed the discovery dispute and Plaintiff's counsel stated he was prepared to file a timely response to the motion for a protective order. [DE 103 at 1383, 1385.]

Discovery ended on April 1, 2018 after three extensions. [DE 35]. Plaintiff did not request an extension of the discovery deadline prior to serving the additional requests nearly three years later. [DE 90]. Defendant sought a protective order from the Court from the untimely discovery and Plaintiff failed to respond. Attorney's fees are explicitly contemplated by Fed. R. Civ. P. 37(a)(5)(A) in these circumstances. It is well established that attorney's fees are an appropriate sanction under the Court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, (1991); *BDT Prod., Inc. v. Lexmark Int'l, Inc*., 602 F.3d 742, 751 (6th Cir. 2010) ("[i]n addition to sanctioning Meisenheimer under 28 U.S.C. § 1927, the district court imposed sanctions to the extent of attorney fees under its inherent power to sanction for conduct which abuses the judicial process.")

Based on the facts before the Court, it was not clearly erroneous or contrary to law to grant the protective order given that the discovery deadline was April 1, 2018 and the instant requests were served on May 7, 2021 without seeking leave of Court. *See Donald J. Ulrich Associates, Inc v. Bill Forge Private Ltd.*, 2018 WL 6061083, at *3 (E.D. Mich. Nov. 20, 2018) (granting motion

for protective order when Plaintiff waited until the eve of the discovery deadline to serve a subpoena). It was also not clearly erroneous or contrary to law to award attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) when counsel failed to respond to the motion after engaging in conduct that necessitated the motion. And Plaintiff fails to cite to any authority showing that in these circumstances an award of attorney's fees unjust. Accordingly, Plaintiff's motion to rescind or stay the Magistrate Judge's protective order and order for attorney's fees is **DENIED**.

## V.   PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME

Lastly, before the Court is Plaintiff's motion for extension of time to file a response to the Defendant's motion for protective order. [DE 105]. Defendant responded, and no reply was filed. [DE 107]. This matter is ripe.

Plaintiff claims she did not file a response to the motion for protective order due to excusable neglect, specifically that counsel believed he had written a response to two of Defendant's motions, when in reality it was only one response. [DE 105 at 1391]. Fed. R. Civ. P. 6(b)(1). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Whether neglect is "excusable" is an equitable determination based on consideration of all relevant circumstances. *Id.* Such circumstances include the danger of prejudice to the nonmoving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

The Defendant's motion for protective order and attorney's fees was filed on May 10, 2021. [DE 92]. The response was due 21 days later pursuant to Local Rule 7.1(c) and none was filed. The Magistrate Judge's order granting the motion for protective order was issued on June 10, 2021.

Plaintiff then filed a motion for extension of time to file a response [DE 107] and a motion to rescind and stay the Magistrate Judge's order [DE 98] on June 28, 2021. The failure to file a timely response was within the reasonable control of the movant, and considering that Plaintiff's discovery deadline was April 1, 2018, allowing Plaintiff to file a response to Defendant's motion for a protective order or allowing any further discovery would prejudice Defendant given that parties are on the eve of trial and discovery closed three years ago. Based on the foregoing, Plaintiff's motion for an extension of time to file a response to Defendant's motion for protective order is **DENIED**.

## VI.    CONCLUSION

Accordingly, for the reasons stated above, it is **ORDERED** as follows:

1.  Defendant's motion to strike Plaintiff's expert witness and for attorney's fees [DE 91] is **GRANTED**.

2.  Plaintiff's motion for leave to file an amended complaint [DE 98] is **DENIED**.

3.   Plaintiff's motion for reconsideration to rescind and stay Magistrate Judge's protective order and order for attorney's fees [DE 106] is **DENIED**.

4.  Plaintiff's motion for extension of time to file response/reply to Defendant's motion for a protective order and attorney's fees [105] is **DENIED**.

December 7, 2021

Rebecca Grady Jennings, District Judge

United States District Court