UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KATHY MILLER, AS NEXT OF FRIEND                                        *Plaintiff*
HER MINOR CHILD E.M.

v.                                                          Civil Action No. 3:16-cv-00332

HOUSE OF BOOM KENTUCKY, LLC                                          Defendant

* * * * *

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

E.M was injured while attending a birthday party at Defendant's facility when another patron fell on her while using the trampoline.  [DE 1-2].  E.M., through her next friend, sued Defendant in Jefferson Circuit Court asserting that Defendant breached certain duties owed to E.M. while an invitee on its premises.  [*Id.*].  Plaintiff alleges that Defendant failed to follow its own policies and failed to supervise and maintain a safe environment, thereby proximately causing Plaintiff's injuries.  [*Id.*].   Defendant removed this action to this Court based on diversity jurisdiction.  28 USC 1446(b).  [DE 1].

On March 12, 2021, the parties tendered a joint status report requesting this matter to be set for trial.  [DE 87].  A few days later, the Court issued a pretrial order setting the trial for February 8, 2022 and providing a deadline twenty-one days before the final pretrial conference for parties to file witness lists, exhibit lists, motions *in limine*, pretrial briefs, proposed agreed jury instructions and verdict forms.  [DE 88].  Plaintiff filed her witness list [DE 121] and a motion *in limine* [DE 124].  Defendant objected to Plaintiff's witness list [DE 128] and responded to Plaintiff's motion *in limine* [DE 138].  The Court heard argument from the parties on these matters

1

at the pretrial conference.  On January 25, 2022, the Court ruled on issues related to the parties' motions *in limine* and the Defendant's objection to Plaintiff's witness list.  [DE 139].  This Memorandum and Order addresses the remaining pretrial issues presented in Plaintiff's motion *in limine* and Defendant's objection to Plaintiff's witness list.  For the reasons below, the Court **DENIES** Plaintiff's motion *in limine* and **GRANTS in part** and **DENIES in part** Defendant's objection as set forth below.

## II.    LEGAL STANDARD

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* under their inherent authority to manage trials.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).  Yet, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds.  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Courts favor this posture so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F.Supp.2d 702, 706 (E.D. Ky. 2010) (internal citations omitted).  When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd,* 469 U.S. 38 (1984)).  Thus, the Court may alter or amend a prior *in limine* ruling at trial.  *Luce,* 713 F.2d at 1239.

## III.    DISCUSSION

### A. Plaintiff's Motion *in Limine* to Exclude Allegations of Negligence by Kathy Miller [DE 124].

#### 1. Background

Plaintiff moves the Court to exclude any allegations of negligence on the part of Kathy Miller.  Plaintiff argues that Defendant has not provided testimony that Miller had a duty to

supervise E.M. while at House of Boom.  [DE 124 at 2].  Instead, Plaintiff claims that such evidence is irrelevant and confusing, so it should be excluded from evidence under Federal Rules of Civil Procedure 401(b) and 403.  [*Id.*].

House of Boom filed a Third-Party Complaint and Counterclaim (the "Counterclaim") against Miller in her individual capacity.  [DE 16].  In Defendant's Counterclaim it alleges that Miller failed to supervise E.M. while at House of Boom, which would entitle Defendant to contribution or apportionment of fault from Miller in the event of an adverse judgment or verdict. [*Id.* at 5].  Defendant argues that Plaintiff's motion *in limine* is premature because Defendant has not yet presented evidence for apportionment of liability.  [DE 138 at 2].  Defendant claims it will be entitled to an apportionment instruction against any party, including Miller, that may be liable for the injuries suffered by Plaintiff.  [*Id.*].

### 2.   *Standard*

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### 3.   *Analysis*

Plaintiff asserts a common law negligence claim related to the injuries suffered by E.M. at House of Boom.  [DE 98-2 at 2].  Although Miller represents E.M. as next friend, Defendant named Miller as a third-party defendant in its Counterclaim.  [DE 16 at 1].  Defendant claims that it is entitled to an apportionment instruction under Kentucky law, which requires the jury to make

findings specifying "the percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, [and] *third-party defendant*." KRSS 411.182(1)(b) (emphasis added). This Court has held that a party who files a complaint against a third-party defendant is entitled to an apportionment instruction under KRSS 411.182 "upon a finding where underlying substantive fault exists." *Papineau v. Brake Supply Co.*, No. 4:18-CV-00168, 2020 WL 6704586, at *5 (W.D. Ky Nov. 13, 2020) (quoting *Wilson v. Wal–Mart Stores E., LP*, No. 11-CV-00148, 2013 WL 2607113, at *3 (W.D. Ky. June 11, 2013)). The Commonwealth of Kentucky has recognized a substantive cause of action for negligent supervision of a minor. *See Hugenberg v. W. Am. Ins. Co./ Ohio Cas. Grp.*, 249 S.W.3d 174, 181 (Ky. Ct. App. 2006).

Defendant will be entitled to an apportionment instruction if it can prove that Miller negligently supervised E.M., her minor child. *See* KRSS 411.182. For that reason, evidence related to the Miller's negligence is relevant because it will either support or refute Defendant's assertion of negligent supervision. *See* Fed. R. Civ. Pro. 401(a) (Evidence is relevant if "it has any tendency to make a fact more or less probable."). It is unlikely that this evidence would present a substantial danger of unfair prejudice or confuse the jury. *See* Fed. R. Evid. 403. Plaintiff's motion *in limine* to exclude any allegations of negligence on the part of Miller [DE 124] is **DENIED.**

### B.  Defendant's Objection to Bryan Castle's Testimony Related to Other Lawsuits [DE 128].

Defendant moves the Court to exclude Castle's deposition testimony related to House of Boom's involvement in other lawsuits. Without objection by Plaintiff [DE 132 at 6], Defendant's motion to exclude page 10, line 20 through page 11, line 8 Castle's testimony is **GRANTED.**

### C.  Defendant's Objection to evidence of Other Injuries that Occurred at House of Boom [DE 128].

Defendant moves the Court to exclude Castle's deposition testimony about prior injuries at House of Boom.  Defendant claims that this testimony is irrelevant and carries with it a danger of unfair prejudice.  [DE 128 at 4–5].  Plaintiff contends that evidence of other accidents may be relevant to rebut the effectiveness of House of Boom's safety processes.  [DE 132 at 6].

For evidence of prior accidents to be admissible, the "prior accidents must be 'substantially similar' to the one at issue before they will be admitted into evidence."  *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989) (quoting *Koloda v. General Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983)).  Castle's testimony describes injuries at House of Boom, but none of those injuries were similar to those suffered by E.M. or occurred on the Euro trampoline.  Plaintiff has failed to establish an adequate nexus between prior injuries and the injuries suffered by E.M.  *See McLeod v. Parsons Corp.*, 73 F.App'x 846, 854 (6th Cir. 2003).  Castle's testimony related to other injuries at House of Boom fails to meet the threshold for relevant evidence.  *See* Fed. R. Evid. 402.  Moreover, this testimony creates a substantial danger of unfair prejudice.  *See* Fed. R. Evid. 403.  Defendant's motion to exclude page 13, lines 10 through line 25 and page 110, lines 8 through 13 is **GRANTED.**

### D. Defendant's Objection to Deposition Excerpts Not Properly Identified by Plaintiff [DE 128].

Defendant moved to exclude sections of Castle's deposition that were improperly identified by Plaintiff.  Plaintiff responded to Defendant's objection with corrected deposition excerpts.  [DE 132 at 6].  Defendant's motion to exclude improperly identified deposition excerpts is **DENIED.**

### E. Defendant's Objection to Testimony of Tyler Martin [DE 128].

Defendant moves to exclude Castle's deposition testimony on page 70, line 10 through page 71, line 10 regarding Tyler Martin.  Defendant argues that this testimony is irrelevant and should be excluded under Federal Rule of Evidence 402.  [DE 128 at 5].  Plaintiff claims that this

testimony is relevant because Martin was a House of Boom employee who witnessed E.M.'s injury. [DE 132 at 6].

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In the section identified by the Defendant, Castle discusses Tyler Martin and his current whereabouts. At no point does Castle mention E.M.'s accident or the facts surrounding the accident. This testimony fails to make any fact more or less probable. *See* Fed. R. Evid. 401(a). Plaintiff argues that excluding this section of Castle's deposition transcript is an attempt to hide the identity of an employee who witnessed E.M.'s accident. [DE 132 at 6]. Yet Plaintiff fails to mention that Tyler Martin's involvement in the incident is discussed in a separate section of Castle's deposition transcript that Plaintiff designated. *See* Castle Dep. 73:5–12. Defendant's motion to exclude page 70, line 10 through page 71, line 10 of the Castle deposition is **GRANTED IN PART** as to page 70, line 13 through page 71, line 3 and **DENIED IN PART** as to page 70, lines 11–12 and page 71, lines 4–10.

**IV.    CONCLUSION**

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Plaintiff's Motion *in Limine* to Exclude Allegations of Negligence by Kathy Miller [DE 124] is **DENIED**;

2. Defendant's Objection to Bryan Castle's Testimony Regarding Other Lawsuits [DE 128] is **GRANTED**;

3. Defendant's Objection to Evidence Regarding Other Injuries that Occurred at House of Boom [DE 128] is **GRANTED**;

4.  Defendant's Objection to Deposition Excerpts Not Properly Identified by Plaintiff [DE 128] is **DENIED**;

5.  Defendant's Objection to Testimony of Tyler Martin [DE 128] is **GRANTED IN PART and DENIED IN PART.**

Rebecca Grady Jennings, District Judge
United States District Court

January 25, 2022