UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KATHY MILLER, AS NEXT FRIEND OF Plaintiff
HER MINOR CHILD E.M.

v. Civil Action No. 3:16-cv-332-RGJ

HOUSE OF BOOM KENTUCKY, LLC Defendant

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiff Kathy Miller ("Plaintiff") moved for judgment as a matter of law and for a new trial. [DE 153; DE 154].[1] Defendant House of Boom Kentucky, LLC ("Defendant") responded [DE 159] and Plaintiff replied [DE 160]. Briefing is complete, and the matter is ripe. For the reasons below, Plaintiff's Motions for a Judgment Notwithstanding the Verdict and for a New Trial [DE 153; DE 154] are **DENIED**.

### I. BACKGROUND

The background is set forth in the Court's previous order on the parties' motions in limine [DE 140] and is incorporated by reference.

The Court held a three-day jury trial from February 7, 2022 through February 9, 2022. [DE 148 at 1882]. The Jury awarded a verdict in favor of Defendant. [DE 152 at 1981]. As a result, Plaintiff recovered no damages, and the case was dismissed on its merits. [*Id.*].

### II. STANDARD

If a court does not grant judgment as a matter of law after close of evidence and the party renews its request after a verdict is entered, the court may (1) allow the judgment to stand, (2)

---

[1] Plaintiff filed two motions for judgment as a matter of law and for a new trial. [DE 153; DE 154]. Because the motions are substantively identical, the Court will only refer to the motion that was last filed.

order a new trial, or (3) direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). Judgment as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008) (citations omitted). In considering such a motion, the district court must view "the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences." *Balsley v. LFP, Inc.*, 691 F.3d 747, 757 (6th Cir. 2012) (quotation marks and citations omitted). The Court may not "reweigh the evidence, question the credibility of witnesses, or substitute [its] own judgment for that of the jury." *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 306 (6th Cir. 2016). If "there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party," then the court should grant the motion. *Balsley*, 691 F.3d at 757

Under Federal Rule of Civil Procedure 59(a), a trial court may grant a new trial on "all or some of the issues" following a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(B). The Sixth Circuit has interpreted Rule 59(a) to require a "seriously erroneous result," as evidenced by one of three things: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045–46 (6th Cir. 1996) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Cygnar v. City of Chi.*, 865 F.2d 827, 835 (7th Cir. 1989); and *Mallis v. Bankers Tr. Co.*, 717 F.2d 683, 691 (2d Cir. 1983)). When a new-trial motion challenges the weight of the evidence, the Court must "accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Denhof v. City of Grand Rapids*,

494 F.3d 534, 543 (6th Cir. 2007) (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). "[T]he grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing abuse of discretion." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The Court cannot set aside the jury's verdict simply because it thinks another result is more justified. *See Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 534 (6th Cir. 2014).

### III. DISCUSSION

Plaintiff first argues that the jury's verdict was inadequate and not supported by the evidence. [DE 154 at 2003]. She also argues that the verdict, as it relates to the unknown child, was not supported by the evidence and should be vacated. [*Id.*]. Finally, Plaintiff contends that certain expert testimony was in error and that she should be allowed expert witnesses upon retrial. [*Id.* at 2008]. In response, Defendant argues that the jury's failure to award damages is not sufficient to justify a new trial, [DE 159 at 2375], the testimony at trial was sufficient to create a factual presumption regarding the age of the unknown girl, [*Id.* at 2377], and that issues regarding expert Robert Ito's ("Ito") testimony are not asserted as a basis for a new trial, [*Id.* at 2378].

#### A. Whether the Verdict Regarding Damages Was Supported by the Evidence

Plaintiff argues that she is entitled to a new trial because the E.M. was not awarded damages as a result of her injury. [DE 154 at 2003]. Defendant contends that Plaintiff invited this result. [DE 159 at 2375]. It also argues that any error for failure to provide damages was harmless. [*Id.* at 2376].

The Supreme Court has held that "free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Moreover, an error "is harmless unless it is more probable than not that the error materially affected the verdict." *United States v.*

*Hernandez*, 227 F.3d 686, 696 (6th Cir. 2000) (quoting *United States v. Toney*, 161 F.3d 404, 410 (6th Cir. 1998)).

Here, the jury instructions directed the jury to award "a sum of money that will fairly and reasonably compensate [E.M.] for whatever damages you believe from the evidence she has sustained or is reasonably certain to endure hereafter as a direct result of the injury" if they found Defendant or the unknown girl liable. But Plaintiff made the following statement to the jury during closing arguments:

> If you were to find the unknown girl ten percent at fault and you award $500,000 in damages, pain and suffering, the ten percent of that would not be paid by House of Boom. They are shifting their responsibility to this unknown girl. Whatever percentage of fault you put on the unknown girl, [E.M.] does not get.

[DE 157 at 2345]. Plaintiff argued to the jury that any award to the unknown girl was equivalent to no recovery. [*Id.*]. The jury placed 100% of the liability on the unknown girl but awarded no damages. [DE 145 at 1875–76]. The jury merely agreed with Plaintiff's argument that damages attributed to the unknown girl would result in no recovery. Therefore, Plaintiff cannot seek relief from the consequences of their own arguments. *Ackermann*, 340 U.S. at 198.

Even if the jury's failure to award damages to the unknown girl was an error, the error was harmless. Plaintiff made no showing that assigning damages to the unknown girl would have affected the verdict. *See Hernandez*, 227 F.3d at 696. Plaintiff, instead, argued that E.M. would be unable to collect any sum awarded based on the unknown girl's conduct. [DE 157 at 2345]. Accordingly, Plaintiff has failed to prove that the jury reached a seriously erroneous result by failing to award damages. *See* Fed. R. Civ. P. 59.

### B. Whether the Verdict Regarding Unknown Girl Was Supported by the Evidence

Plaintiff argues that the jury should not have been permitted to apportion fault to the unknown girl because the jury did not have evidence of the unknown girl's age. [DE 154 at 2003]. In response, Defendant contends that there was evidence to justify the instruction. [DE 159 at 2377].

Under Kentucky law, there is a rebuttable presumption that a child is not negligent if they are between the age of 7 and 14. *See Sutton Const. Co. v. Lemaster's Adm'r*, 223 Ky. 296, 300 S.W.2d 613 (1928). Once a person has reached the age of fourteen, they are presumed to have the ability to be negligent. *See Baldwin v. Hosley*, 328 S.W.2d 426, 429 (Ky. 1959) ("The fact that a youth is fourteen years of age does not mean that his conduct is measured according to the standard of a mature person, although the prima facie presumption changes and the burden is then on the youth to show want of capacity or understanding.").

Plaintiff concedes E.M. testified that the unknown girl was over the age of 14 and either a freshman or sophomore in high school. [DE 154 at 2004]. Plaintiff did not attempt to rebut E.M.'s testimony regarding the unknown girl's age at trial. E.M.'s testimony provided evidence at trial to suggest that the unknown girl was old enough to be negligent. *See Sutton Const. Co.*, 223 Ky. at 300. Moreover, any error regarding assignment of error to the unknown girl was harmless. *See Hernandez*, 227 F.3d at 696. The jury ultimately assigned no liability to Defendant [DE 145 at 1875], meaning Plaintiff failed to meet their burden to establish that Defendant was negligent. Therefore, Plaintiff has failed to prove that the jury reached a seriously erroneous result by apportioning liability to the unknown girl. *See* Fed. R. Civ. P. 59.

### C. Expert Witnesses

Plaintiff argues that Defendant's expert, Robert Ito, testified to opinions that were not disclosed and that his disclosures were inadequate. [DE 154 at 2008]. In response, Defendant contends that Plaintiff waived objections to Ito's testimony and that the disclosures were adequate. [DE 159 at 2378]. To the extent that Plaintiff seeks a retrial based on this issue, the Court will address Plaintiff's arguments below.

A party "may not assert as error the introduction of evidence unless a timely objection is made." *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 698 (6th Cir. 2001) (quoting *Helminksi v. Ayerst Labs.,* 766 F.2d 208, 211 (6th Cir.1985)). Plaintiff does not dispute that she failed to object to Ito's testimony at trial. [DE 154; DE 160]. Therefore, Plaintiff did not preserve her objections regarding Ito's testimony for her motion for a new trial. *See Varga*, 242 F.3d at 698.

Even if Plaintiff had preserved her objections, the arguments would still fail. Rule 26 requires experts to disclose: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them[.]" Fed. R. Civ. P. 26(a)(2)(B). Here, Plaintiff asserts that Ito's disclosures were inadequate because they failed to state that the park was a combined adventure and trampoline park. [DE 154 at 2008]. Ito's expert report states that "[t]he Euro Trampoline activity area was separated from the other trampoline courts with a discrete entrance and a separate rules sign. This sign, in part, restricts use of the Euro Trampoline to one jumper at a time." [DE 27-1 at 892]. Therefore, Ito's report complies with Rule 26 because it identifies the Euro Trampoline as separate and apart from the trampoline courts. [*Id.*].

Plaintiff also argues that Ito's disclosure was inadequate because it failed to identify the area from which the unknown girl jumped as a "hangout area" and failed to mention certain cases

6

in which Ito testified. Defendant contends that testimony regarding the "hangout area" was rebuttal testimony to which Plaintiff opened the door during Brian Castle's testimony. [DE 159 at 2380]. In response to Plaintiff's final assertion, Defendant notes that Ito's expert report was filed on August 31, 2017, almost five years before this case went to trial. [*Id.*]. Ito's report was accurate at the time it was filed, and Plaintiff had the opportunity to cross-examine Ito at trial. The Court finds that any error attributable to either of these issues was harmless and would not have affected the verdict. *See Hernandez*, 227 F.3d at 696. Plaintiff has failed to prove that the jury reached a seriously erroneous result based on Ito's expert testimony. *See* Fed. R. Civ. P. 59.

To the extent Plaintiff argues that she should have been allowed her own expert, the Court has already ruled on this issue. [DE 111]. The Court stands on its previous analysis. Plaintiff's Motions for a Judgment Notwithstanding the Verdict and for a New Trial [DE 153; DE 154] are **DENIED**.

## IV.     CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Plaintiff's Motions for a Judgment Notwithstanding the Verdict and for a New Trial [DE 153; DE 154] are **DENIED**.